[907 NE2d 268, 879 NYS2d 355]

IDT Corporation, Respondent, v Morgan Stanley Dean Witter & Co. et al., Appellants.

Argued February 10, 2009; decided March 26, 2009

**POINTS OF COUNSEL**

*Davis Polk & Wardwell,* New York City (*Guy Miller Struve, Benjamin S. Kaminetzky* and *Rebecca Winters* of counsel), for appellants. I. IDT Corporation's attempt to relitigate the issue of damages is impermissible under the well-settled doctrine of collateral estoppel. (*Buechel v Bain,* 97 NY2d 295; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184; *Rembrandt Indus. v Hodges Intl.,* 38 NY2d

502; *New York Lumber & Wood Working Co. v Schneider,* 119 NY 475; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Stuzin v Pizza Hut,* 241 AD2d 647.) II. IDT Corporation's claims are untimely. (*Kronos, Inc. v AVX Corp.,* 81 NY2d 90; *Ackerman v Price Waterhouse,* 84 NY2d 535; *Snyder v Town Insulation,* 81 NY2d 429; *Spinap Corp. v Cafagno,* 302 AD2d 588; *Matter of Martin v C. A. Prods. Co.,* 8 NY2d 226; *Norris v Grosvenor Mktg. Ltd.,* 803 F2d 1281; *Schwartz v Heyden Newport Chem. Corp.,* 12 NY2d 212; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Kvetnaya v Tylo,* 49 AD3d 608; *Shivers v Siegel,* 11 AD3d 447.) III. IDT Corporation's unjust enrichment cause of action fails as a matter of law. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Rosenberg, Minc & Armstrong v Mallilo & Grossman,* 39 AD3d 335; *Hutton v Klabal,* 726 F Supp 67; *Miller v Schloss,* 218 NY 400; *Young v Farwell,* 165 NY 341; *805 Third Ave. Co. v M.W. Realty Assoc.,* 58 NY2d 447; *Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.,* 14 AD3d 352; *Matter of Guttenplan,* 222 AD2d 255; *Matter of Moncrief,* 235 NY 390; *Morad v Morad,* 27 AD3d 626.)

Patterson Belknap Webb & Tyler LLP, New York City (*Stephen P. Younger* of counsel), *Grayson & Kubli, P.C.,* Vienna, Virginia (*Alan M. Grayson,* of the Virginia bar, admitted pro hac vice, and *Victor A. Kubli* of counsel), and *Bracewell & Giuliani, LLP,* Houston, Texas, and New York City (*Glenn A. Ballard, Jr., Jeffrey L. Oldham* and *Michael D. Hess* of counsel), for respondent. I. The courts below correctly held that IDT Corporation's claims against Morgan Stanley Dean Witter & Co. are not affected by the doctrine of collateral estoppel. (*D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659; *Amarant v D'Antonio,* 197 AD2d 432; *PenneCom B.V. v Merrill Lynch & Co., Inc.,* 372 F3d 488; *Inchaustegui v 666 5th Ave. Ltd. Partnership,* 268 AD2d 121, 96 NY2d 111; *Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *International Mins. & Resources, S.A. v Pappas,* 96 F3d 586; *Matter of American Ins. Co. [Messinger— Aetna Cas. & Sur. Co.],* 43 NY2d 184; *R.S.J. Leasing Corp. v Michelin Tire Corp.,* 92 AD2d 914; *Matter of Kellogg,* 138 AD2d 799; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481.) II. The lower courts correctly held the IDT Corporation's claims are timely because they were filed within the applicable limitations periods after IDT learned of Morgan Stanley Dean Witter & Co.'s misconduct, which Morgan Stanley fraudulently concealed. (*Marine Midland Bank v Worldwide Indus. Corp.,* 307 AD2d 221; *Maric Piping v Maric,* 271 AD2d 507; *Green v Albert,* 199 AD2d 465; *Zumpano v Quinn,* 6 NY3d 666; *Hetelekides v Ford*

*Motor Co.,* 299 AD2d 868; *Powers Mercantile Corp. v Feinberg,* 109 AD2d 117; *Matter of Steyer,* 70 NY2d 990; *Simcuski v Saeli,* 44 NY2d 442; *General Stencils v Chiappa,* 18 NY2d 125; *Vigliotti v North Shore Univ. Hosp.,* 24 AD3d 752.) III. The lower courts correctly held that IDT Corporation stated a claim for unjust enrichment. (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Sosnoff v Carter,* 165 AD2d 486; *Sergeants Benevolent Assn. Annuity Fund v Renck,* 19 AD3d 107; *Duane Reade v Cardinal Health, Inc.,* 12 AD3d 224; *Wiener v Lazard Freres & Co.,* 241 AD2d 114.) IV. This Court may properly consider the new allegations in IDT Corporation's amended complaint. (*Hummingbird Assoc. v Dix Auto Serv.,* 273 AD2d 58; *Halmar Distribs. v Approved Mfg. Corp.,* 49 AD2d 841; *Millard v Delaware, Lackawanna & W. R.R. Co.,* 204 App Div 80; *Wahrhaftig v Space Design Group,* 28 AD2d 940; *Anthony J. Demarco, Jr., P.C. v Bay Ridge Car World,* 169 AD2d 808; *Vanderwoude v Post/Rockland Assoc.,* 130 AD2d 739; *Watson v Sony Music Entertainment,* 282 AD2d 222.)

## OPINION OF THE COURT

PIGOTT, J.

IDT Corporation and Telefonica Internacional, S.A., both telecommunications companies, executed a Memorandum of Understanding (MOU) in August 1999 concerning SAm-1, a vast underwater fiber-optic cable network Telefonica was building. Pursuant to the MOU, IDT was to buy from Telefonica a 10% equity share in NewCo, a corporation that would "construct, establish, operate and maintain . . . and . . . sell capacity on" SAm-1. A separate entity was to be created to market products associated with the network. IDT would have the right to buy capacity in the network, at a favorable rate, during its operational life.

In June 2000, Telefonica informed IDT that it intended to modify the MOU, replacing NewCo with a larger entity, Emergia, in which Telefonica offered IDT a five percent share. According to IDT, Morgan Stanley Dean Witter & Co. (Morgan Stanley), Telefonica's investment banker, advised IDT in the summer of 2000 that the value of a five percent interest in Emergia was far greater than that of a 10% interest in NewCo. Nevertheless, IDT, unpersuaded, broke off negotiations with Telefonica in October 2000.

Although Morgan Stanley acted as Telefonica's investment banker in relation to SAm-1, it had previously acted on IDT's

behalf in 1999, in negotiations concerning a different proposed fiber-optic cable network, and in subsequent matters. IDT engaged Morgan Stanley as its financial adviser in regard to shares in Net2Phone, Inc. that it sold in the summer of 2000 for about $1 billion. According to IDT, in 1999-2000, Morgan Stanley requested and received confidential business and financial information concerning IDT, had access to IDT's records, and enjoyed wide-ranging communications with its executives.

IDT commenced an arbitration proceeding on May 25, 2001, against Telefonica, alleging that Telefonica had breached the MOU, in particular its provisions entitling IDT to an equity share in NewCo and giving it the right to buy capacity in SAm-1. IDT sought an award in an amount no less than $3.15 billion. IDT made no allegations against Morgan Stanley. No representative of Morgan Stanley testified, but a valuation memorandum concerning NewCo and Emergia that Morgan Stanley had presented to IDT in 2000 was subpoenaed and submitted to the arbitration panel.

Following a lengthy hearing, the panel concluded that Telefonica had breached both the "capacity purchase" and "equity purchase" provisions of the MOU. It calculated IDT's aggregate damages for Telefonica's capacity purchase breach to be $16,883,817. However, noting the weakness of the telecommunications market in the second half of 2000, the panel calculated that the present value of IDT's interest in NewCo was negative, and concluded that IDT had suffered no damages as a result of Telefonica's breach of the equity purchase provisions.[1] Telefonica paid IDT $21.6 million, representing damages and interest.

On November 5, 2004, IDT commenced this action against Morgan Stanley, alleging that it had provided Telefonica with confidential information about IDT, induced Telefonica to

---

[1]. The panel rejected IDT's contention that NewCo and Emergia were one and the same. Rather, it found, NewCo was envisaged as a company holding the infrastructure assets of SAm-1, and did not encompass the marketing function and revenues of the enterprise. In reaching this conclusion, the arbitration panel relied on, among other things, minutes of a July 2000 IDT board meeting, indicating that IDT recognized that Emergia was a larger enterprise, with greater growth potential, than NewCo. The arbitration panel expressed skepticism about Morgan Stanley's summer 2000 valuation of NewCo and Emergia, noting that its projections were "prepared by Telefonica and Morgan Stanley to be presented to IDT as part of the process of negotiating IDT's ownership percentage in Emergia."

breach the MOU and, moreover, presented false and misleading evidence to the arbitration panel, affecting the panel's assessment of IDT's damages. Its complaint contains five causes of action: (1) breach of fiduciary duty, (2) intentional interference with existing contract, (3) intentional interference with prospective business relations, (4) misappropriation of confidential and proprietary business information, and (5) unjust enrichment. IDT seeks compensatory damages, disgorgement of profits obtained by Morgan Stanley in connection with SAm-1, punitive damages, and the return of a $10,000,000 fee that IDT paid Morgan Stanley in relation to the Net2Phone, Inc. transaction, plus interest and fees.

Morgan Stanley moved to dismiss the complaint under CPLR 3211, arguing, among other things, that IDT's claims were barred by collateral estoppel and the statute of limitations. Supreme Court dismissed IDT's intentional interference with prospective business relations claim, but otherwise denied the motion (2006 NY Slip Op 30076[U]). On appeal, the Appellate Division affirmed, with one Justice dissenting, holding that IDT's remaining claims were not barred by collateral estoppel, because IDT had not "had an opportunity to conduct discovery on the extent of the damages it suffered due to Morgan Stanley's alleged tortious conduct" (45 AD3d 419, 419 [1st Dept 2007]). The majority also concluded that the claims stated valid causes of action and were not time-barred. The Appellate Division granted Morgan Stanley leave to appeal to this Court, certifying the question whether its order was properly made. We answer that question in the negative and reverse.[2]

Although the issue of whether IDT is collaterally estopped from relitigating the amount of its compensatory damages divided the Appellate Division in this case, we need not address it, because all of IDT's claims are either time-barred or fail to state a cause of action. We conclude that IDT's breach of fiduciary duty, tortious interference with contract, and misappropriation of confidential and proprietary business information

---

2. After Supreme Court denied the motion to dismiss, the parties proceeded to discovery and Morgan Stanley produced documents that, according to IDT, reveal further wrongdoing by Morgan Stanley during the arbitration proceeding. IDT filed an amended complaint. Supreme Court granted Morgan Stanley's motion to dismiss the new claims. That decision is under appeal.

In June 2008, IDT moved to dismiss the present appeal as moot, on the ground that the original complaint had been significantly amended. We denied the mootness motion on September 4, 2008 (11 NY3d 750 [2008]).

claims are untimely and its unjust enrichment claim fails to state a cause of action. We address the causes of action in the sequence they appear in the complaint.

IDT's first cause of action alleges that Morgan Stanley breached fiduciary duties it owed to IDT, by "provid[ing] Telefonica with IDT's confidential and proprietary business and financial information without IDT's knowledge or consent," thus inducing Telefonica to renege on the MOU, and by "devis-[ing] a fraudulent scheme to dupe both IDT and the Arbitration Panel as to the 'distinction' between NewCo and Emergia and the valuation of these companies." IDT alleges that the arbitration panel was misled into minimizing the amount of damages Telefonica owed to IDT. It seeks full compensatory damages—in an amount it describes at the outset of its complaint as "hundreds of millions of dollars"—as well as disgorgement of profits and punitive damages.

IDT submits that its breach of fiduciary duty claim is governed by a six-year statute of limitations and is therefore timely. Morgan Stanley asserts that a three-year limitations period applies.

New York law does not provide a single statute of limitations for breach of fiduciary duty claims. Rather, the choice of the applicable limitations period depends on the substantive remedy that the plaintiff seeks (*Loengard v Santa Fe Indus.*, 70 NY2d 262, 266 [1987]). Where the remedy sought is purely monetary in nature, courts construe the suit as alleging "injury to property" within the meaning of CPLR 214 (4), which has a three-year limitations period (*see e.g. Yatter v Morris Agency*, 256 AD2d 260, 261 [1st Dept 1998]). Where, however, the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies (*Loengard*, 70 NY2d at 266-267). Moreover, where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8) (*Kaufman v Cohen*, 307 AD2d 113, 119 [1st Dept 2003]).

Here, IDT primarily seeks damages—in the amount of "hundreds of millions of dollars"—and the equitable relief it seeks, including the disgorgement of profits, is incidental to that relief. This is not an action in which it can reasonably be asserted that "the relief demanded in the complaint . . . is equitable in nature and that a legal remedy would not be adequate" (*Loengard*, 70 NY2d at 267). Thus, looking to the

reality, rather than the form, of this action (*see Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 674 [1976]), we conclude that IDT seeks a monetary remedy.

Moreover, we are not persuaded by IDT's argument that its breach of fiduciary duty claim is essentially a fraud action and therefore governed by a six-year statute of limitations. The fiduciary relationship alleged by IDT exists between Morgan Stanley and IDT, not between Morgan Stanley and the arbitration panel. For us to conclude that IDT's breach of fiduciary duty cause of action is a sufficiently pleaded fraud action, we would have to discern a claim that IDT acted in "justifiable reliance" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]) on Morgan Stanley's alleged misrepresentation or material omission. Although IDT asserts that Morgan Stanley attempted to deceive it in 2000, with regard to the relative values of Emergia and NewCo, IDT does not claim that it was actually duped. In fact, IDT refused to accept a modified MOU, contrary to Morgan Stanley's recommendations. Consequently, we conclude that this is not a fraud allegation, and that the three-year limitations period of CPLR 214 (4) applies.

We now turn to the question of when IDT's breach of fiduciary duty claim accrued. A tort claim accrues as soon as "the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" (*Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]). As with other torts in which damage is an essential element, the claim "is not enforceable until damages are sustained" (*id.* at 94). To determine timeliness, we consider whether plaintiff's complaint must, as a matter of law, be read to allege damages suffered so early as to render the claim time-barred (*id.* at 94-97). Here, the only reasonable inference to be drawn from IDT's allegations is that it first suffered loss, as a result of Morgan Stanley's alleged breach of fiduciary duty, after Telefonica refused to comply with the MOU. The exact date of the injury is not alleged but must have been before May 25, 2001, when IDT commenced the arbitration against Telefonica, alleging that it had sustained a loss of some $3.15 billion as a result of Telefonica's breach of their binding agreement. More than three years passed, therefore,

before IDT commenced this action, rendering IDT's breach of fiduciary duty claim time-barred.[3]

Turning to IDT's second and fourth causes of action[4]— intentional interference with existing contract and misappropriation of confidential and proprietary business information, respectively—the statute of limitations in each case is three years, under CPLR 214 (4), which the parties do not dispute. As with IDT's first cause of action, the claims were not enforceable until IDT first suffered damages. The damages are those resulting from Telefonica's refusal to comply with the MOU— intransigence that was allegedly induced by Morgan Stanley by means of the disclosure of confidential IDT business information. Again, we must conclude from IDT's complaint that it first suffered loss—as a result of Morgan Stanley's alleged interference with contractual relations and misappropriation of confidential business information—when Telefonica refused to comply with the MOU. And again, although the exact date of the injury is not alleged, it must have been before May 25, 2001, rendering the claims time-barred.

IDT argues that Morgan Stanley's statute of limitations defenses should be barred by equitable estoppel. However, IDT fails to demonstrate that any action or inaction by Morgan Stanley caused IDT's delay in bringing this action (*see Zumpano v Quinn*, 6 NY3d 666, 673-676 [2006]). According to its complaint, IDT learned in 2000 that Morgan Stanley was denigrating it in discussions with Telefonica. IDT, given its awareness that Telefonica's financial adviser had disparaged it, should have made further inquiry before the statute of limitations expired (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 553-554 [2006]).

Finally, IDT alleges that Morgan Stanley was unduly enriched by the investment banking fees it obtained from IDT and from Telefonica "and any other fees Morgan Stanley received for its 'search' for a replacement anchor tenant, as well as any other fees of any kind that Morgan Stanley has earned for additional, presently-unknown misappropriations and misuses of IDT's confidential business and financial information." On appeal, Morgan Stanley does not argue that the unjust

---

**3.** Morgan Stanley contends that the breach of fiduciary duty claim fails on the merits, because there was no fiduciary relationship between IDT and Morgan Stanley on the transaction in suit, but this too is a question we need not reach because the claim, even if meritorious, is time-barred.

**4.** IDT did not appeal Supreme Court's dismissal of its third claim.

enrichment claim is time-barred. Instead it contends that IDT's fifth claim fails to state a cause of action. We agree.

"The theory of unjust enrichment lies as a quasi-contract claim" (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]). It is an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties concerned. Where the parties executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

It follows that the unjust enrichment claim cannot form the basis of IDT's demand that Morgan Stanley return the $10,000,000 fee paid in relation to the Net2Phone, Inc. transaction, because that fee arose from services governed by an engagement letter signed by IDT on July 26, 2000.[5] Nor can the unjust enrichment claim support the disgorgement of any profits Morgan Stanley obtained from Telefonica or other companies, in connection with SAm-1. An unjust enrichment claim "rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another" (*Miller v Schloss*, 218 NY 400, 407 [1916]; *see also* Restatement [First] of Restitution § 1). In seeking Morgan Stanley's profits from SAm-1, IDT does not, and cannot, allege that Morgan Stanley has been unjustly enriched at IDT's expense, because IDT did not pay the alleged fees.

Accordingly, the order of the Appellate Division should be reversed, with costs, defendants' motion to dismiss the remaining causes of action granted, the complaint dismissed in the entirety, and the certified question answered in the negative.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order reversed, etc.

---

5. IDT's argument that it engaged Morgan Stanley under duress is unpersuasive, in that the coercion by Morgan Stanley that IDT alleged in its complaint occurred after IDT refused to pay the fee, not before the fee was agreed on.