Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 10, 2012, which granted so much of defendants’ motion as sought to dismiss the breach of contract, breach of the implied covenant of good faith, unjust enrichment and declaratory judgment causes of action, unanimously affirmed, with costs.
Paragraph 17.2 (a) of the Circuit City and Virgin Entertainment subleases authorizes the assignment of the subleases, conclusively establishing a defense to the breach of contract cause of action. Notably, assignment of the Circuit City sublease was also authorized by the bankruptcy court and substantiated by an assignment and assumption agreement.
Plaintiffs’ allegations of domination and control by defendants OTR and Union Square Retail Trust over the single-purpose entities Union Square Development Associates I and II are conclusory and, thus, insufficient to state a veil-piercing claim (see Siegel Consultants, Ltd. v Nokia, Inc., 85 AD3d 654, 657 [1st Dept 2011], lv denied 18 NY3d 809 [2012]).
Recognition of the implied covenant of good faith would be contrary in this instance to the express authorization of assignments.
In light of the insufficiency of the veil-piercing allegations, the unjust enrichment claim is deficient for lack of a relationship between plaintiffs and the Union Square Development defendants (see Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516-517 [2012]) and because a valid contract governs the subject matter (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).
In view of the availability of the breach of contract cause of action, there is no necessity for a declaratory judgment cause of action (see James v Alderton Dock Yards, 256 NY 298, 305 [1931]).
*491 We have considered plaintiffs’ other contentions and find them unavailing. Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.