Churchill Real Estate Holdings LLC v CBCS Wash. St. LP (2019 NY Slip Op 02472)





Churchill Real Estate Holdings LLC v CBCS Wash. St. LP


2019 NY Slip Op 02472


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8867 655257/17

[*1]Churchill Real Estate Holdings LLC, Plaintiff-Appellant,
v
CBCS Washington Street LP, et al., Defendants-Respondents.


Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellant.
Law Office of Steven Cohn, P.C., Carle Place (Steven Cohn of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 15, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability, and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiff's motion as to liability on its breach of contract claim and deny defendants' motion as to that claim, and otherwise affirmed, without costs.
While the parties were not obligated to enter into a loan, the "Break-Up Fee" and "Miscellaneous" provisions of their agreement, which obligated defendant lenders to pay a termination fee, costs, and legal fees, even if no loan closed, were expressly made binding, and therefore must be given force (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324—25 [2007]).
Contrary to defendants' contention, the doctrine of contra proferentem is inapplicable here, because the language of the agreement is unambiguous (see 327 Realty, LLC v Nextel of N.Y., Inc., 150 AD3d 581, 582 [1st Dept 2017]), and because the parties are sophisticated (see Westchester Fire Ins. Co. v MCI Communications Corp., 74 AD3d 551 [1st Dept 2010]).
The claim for breach of the covenant of good faith and fair dealing is duplicative of the breach of contract claim (see Mill Fin., LLC v Gillett, 122 AD3d 98, 104 [1st Dept 2014]). Further, because the loan transaction was entirely contingent, defendants did not breach the covenant by failing to enter into a loan (see Moran v Erk, 11 NY3d 452, 456-457 [2008]).
The claim for unjust enrichment is barred by the existence of an express agreement governing the subject matter (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]). In any event, defendants were allegedly "enriched" not by plaintiff but by a third party (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK