Rapson Invs. LLC v 45 E. 22nd St. Prop. LLC (2020 NY Slip Op 01386)





Rapson Invs. LLC v 45 E. 22nd St. Prop. LLC


2020 NY Slip Op 01386


Decided on February 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2020

Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.


11141 158967/17

[*1] Rapson Investments LLC, et al., Plaintiffs-Appellants,
v
45 East 22nd Street Property LLC, Defendant-Respondent.


Adam Leitman Bailey, PC, New York (Jeffrey R. Metz of counsel), for appellants.
Holland & Knight LLP, New York (Robert S. Bernstein of counsel), for respondent.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered March 11, 2019, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, with costs.
Given that plaintiffs do not deny that they were in breach of their respective purchase agreements and the amendments thereto when defendant sent out premature notices of termination, plaintiffs' cause of action for anticipatory breach must fail. By definition, an anticipatory breach cannot be committed where, as here, one party is already in material breach of the contract (Kaplan v Madison Park Group Owners, LLC, 94 AD3d 616, 618 [1st Dept 2012], lv denied 20 NY3d 858 [2013]).
Even if we were to find the amendments to the purchase agreements unenforceable under General Business Law § 352-h because they purported to require plaintiffs to release their deposits to defendant as consideration for extending the time to close, plaintiffs still would have forfeited their rights to the respective down payments under the purchase agreements upon their defaults and admitted subsequent failure to cure (13 NYCRR 22.3[k][2][vii]).
Plaintiff's cause of action for breach of the covenant of good faith and fair dealing cannot create new contract rights or defeat express contract provisions, and therefore was properly dismissed (Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268 [1st Dept 2003]). Similarly, a claim for unjust enrichment will not stand in the face of a written agreement (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]), and as for appeals to equity, it has long been the law of this State that "a vendee who defaults on a real estate contract without lawful
excuse cannot recover his or her down payment" (Uzan v 845 UN Ltd. Partnership, 10 AD3d 230, 236 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2020
CLERK