Jennings v Silfen (2021 NY Slip Op 05923)





Jennings v Silfen


2021 NY Slip Op 05923


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 300133/19 Appeal No. 14506 Case No. 2021-00085 

[*1]Deirdre Jennings, Plaintiff-Respondent,
v
Norma J. Silfen, etc., et al., Defendants, Steven Castrignano et al., Defendants-Appellants.


Harwood Reiff LLC, New York (Simon W. Reiff of counsel), for appellants.
Jonathan Rosenberg, PLLC, Brooklyn (Jonathan Rosenberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Norma Ruiz, J.) entered on or about February 18, 2020, which denied defendants Steven Castrignano and Jillian Castrignano's motion to dismiss the complaint as against them, and granted plaintiff's cross motion for summary judgment to the extent of directing defendants to return her down payment on the purchase of shares in a cooperative apartment, unanimously reversed, on the law, without costs, defendants' motion granted, and plaintiff's denied as moot.
This action has been brought by plaintiff buyer, who entered into a written agreement to purchase a cooperative apartment from defendants sellers. Plaintiff seeks the return of a down payment in the amount of $32,500.00 that plaintiff paid to secure her performance under the parties' contract. Defendants, however, retained the deposit when plaintiff failed to close. Plaintiff instead requested the release of the deposit. Supreme Court granted plaintiff's motion for summary judgment, to prevent unjust enrichment. Summary judgment should have been granted to defendants.
The documentary evidence conclusively establishes a defense to the complaint (see CPLR 3211[a][1]; Leon v Martinez, 84 NY2d 83, 88 [1994]). Defendants submitted a signed copy of the contract of sale, which contains all the material terms, and the amendment to the contract, pursuant to which plaintiff agreed that, in exchange for additional time to close on the purchase, she would cover defendants' carrying costs and would waive any right to recovery of the down payment if she did not close on the sale by the agreed-to date. Plaintiff did not close by the required date, and the balance of the down payment was remitted to defendants. Plaintiff's failure to close by the agreed-to date constitutes a default under the purchase agreement and the amendment thereto, and the default entitles defendants to retain the down payment as liquidated damages pursuant to paragraph 13.1 of the purchase agreement and paragraph 5 of the amendment (see Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69 [1st Dept 2003], lv dismissed 2 NY3d 794 [2004]).
Similarly, a claim for unjust enrichment will not stand in the face of the written agreement (IDT Corp. v. Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). An appeal to equity is equally unavailing, since the law is established that "a vendee who defaults on a real estate contract without lawful excuse cannot recover his or her
down payment" (Rapson Invs. LLC v 45 E. 22nd St. Prop. LLC, 180 AD3d 614, 615 [1st Dept 2020], quoting Uzan v 845 UN Ltd. Partnership, 10 AD3d 230, 236 [1st Dept 2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021