Riley v Knight (2023 NY Slip Op 01855)

Riley v Knight

2023 NY Slip Op 01855

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J., Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 814943/21E Appeal No. 17655 Case No. 2022-05559 

[*1]Bryan Riley, Plaintiff-Respondent,
v
Marsha Knight et al., Defendants, 138 S&H Realty Corporation (a New York Corporation), Defendant-Appellant.

Andrew M. Krisel, Brooklyn, for appellant.
Lurie Strupinsky LLP, Brooklyn (Joshua M. Lurie of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered October 31, 2022, which, to the extent appealed from, denied defendant 138 S&H Realty Corporation's motion to dismiss plaintiff's cause of action for unjust enrichment as against it, unanimously reversed, on the law, without costs, the motion granted, and the cause of action dismissed. The Clerk is ordered to enter judgment dismissing the complaint as against S&H Realty Corp.
The complaint alleges that plaintiff and defendants Marsha Knight and Tangela Knight entered into a business venture to open a daycare center, in which plaintiff would invest funds and receive 50 percent of the profits from the business. The company they formed, defendant Kids Space Bronx Childcare, Inc. (Kids Space), entered into a lease with defendant S&H and plaintiff signed a guaranty and provided the down payment. After one year, Marsha Knight allegedly caused Kids Space to enter into a lease termination agreement with S&H, and S&H returned the down payment to plaintiff. Plaintiff's complaint alleges that the Knights then created new companies with names similar to Kids Space, which are now pursuing the daycare business without him, thereby depriving him of profits to which he was entitled.
The cause of action for unjust enrichment against S&H should have been dismissed. The complaint fails to allege facts showing that defendant S&H has been unjustly enriched by receiving any funds or benefit at plaintiff's expense (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; Lively v Wafra Inv. Advisory Group, Inc., 211 AD3d 432, 433 [1st Dept 2022]). Plaintiff concedes that the security deposit he provided has been returned and that his personal guaranty of the lease was terminated. Moreover, the complaint alleges that it is the Knight defendants who took over plaintiff's right to receive future profits, not S&H. Plaintiff also argues that under the new lease allegedly entered into between S&H and a new Kids Space entity, S&H receives "funds and benefits". However, any rent paid under the new lease is not at plaintiff's expense, but rather is owed to S&H as the landlord under the new lease, so that S&H is not being unjustly enriched at plaintiff's expense (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d at 142). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023