22-0681-cv
*Bai v. Tegs Management, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of October, two thousand twenty-three.

PRESENT:     John M. Walker, Jr.,
                       Steven J. Menashi,
                       Eunice C. Lee,
                                *Circuit Judges.*

_____

SHIXU BAI,

            *Plaintiff-Appellant*,

            v.                                                            No. 22-0681

TEGS MANAGEMENT, LLC, GRAND MARKET INTERNATIONAL CORP., SERGE BAUER, P.C., SERGE BAUER, SYOMA SHNAYDER, EDUARDO SHNAYDER, GREGORY TOLSTON, ARTHUR GAVRILOV, ALBERT NIYAZOV, BENI SNIEDER,

            *Defendants-Appellees.*

_____

*For Plaintiff-Appellant:*  JOSHUA FULD NESSEN, The Maddox Law Firm, LLC, New Canaan, Connecticut.

*For Defendants-Appellees Tegs Management, LLC, Grand Market International Corp., Syoma Shnayder, Eduardo Shnayder, Gregory Tolston, Arthur Gavrilov, Albert Niyazov and Beni Snieder:*  DAVID A. GOLD (Dana M. Susman, *on the brief*), Kane Kessler, P.C., New York, New York.

*For Defendants-Appellees Serge Bauer, P.C. and Serge Bauer:*  ADONAID CASADO MEDINA, Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Shixu Bai is a Chinese citizen. In 2013, Bai made a $1 million investment in a New York grocery business in hopes of obtaining an EB-5 investor visa. United States Citizenship and Immigration Services ("USCIS") eventually denied Bai's visa application in 2019, and Bai filed this lawsuit against his former attorney and business partners, alleging, *inter alia*, common-law fraud. The district court dismissed Bai's action as time-barred. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations." *Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015). We do so "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quoting *Henry v. Cty. of Nassau*, 6 F.4th 324, 328 (2d Cir. 2021)).

Under New York law, "an action based upon fraud" must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff … discovered the fraud, or could with reasonable diligence have discovered it." N.Y. C.P.L.R. § 213(8). "A fraud claim accrues when 'the claim becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint." *Meimaris v. Royce*, No. 19-3339, 2021 WL 5170725, at *3 (2d Cir. Nov. 8, 2021) (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 273 (N.Y. 2009)). The elements of fraud under New York law are "(1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015) (citing *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976, 979 (N.Y. 2009)).

Bai alleges that in 2013, the defendants induced him to invest in Tegs Management, LLC, by falsely representing that the investment would qualify him for an EB-5 visa while providing a risk-free return, knowing that the redemption clause in the operating agreement would cause USCIS to deny Bai's EB-5 application. Given the allegations in Bai's complaint, he could have truthfully alleged all five elements of fraud when he invested in Tegs based on the allegedly fraudulent documents prepared by the defendants. His cause of action therefore accrued in 2013. Because he filed this action on June 28, 2020—more than six years later—his action is time-barred *unless* the two-year discovery rule applies.

Under the two-year discovery rule for common-law fraud claims in New York, the limitations period begins to run when a plaintiff has actual or inquiry notice of his injury. *See Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013). "[I]nquiry notice is triggered by awareness of *facts* which a reasonable person would investigate." *Id.* at 363. Once a plaintiff is on inquiry notice, if he makes no inquiry, he is charged with knowledge of the fraud as of the date the duty to inquire arose. *Id.* at 361-62. A reasonable investor with Bai's stated goals—to invest only in an enterprise that would qualify him for an EB-5 visa—would have inquired into whether he had been defrauded when USCIS told him it would deny his EB-5 application because of the redemption clause in the operating agreement. Bai was therefore on inquiry notice from September 8, 2015, when USCIS issued its Notice of Intent to deny his application.[1] Because Bai did not file his action until 2020—more than two years after the duty to inquire arose—the district court properly dismissed his action as time-barred.

\*     \*     \*

We have considered Bai's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Bai argues that "[a]s a specialist in EB-5 investments, … Bauer certainly knew that the redemption clause was improper and acted with the intent to deceive [Bai] and induce his $2 million [*sic*] investment. J. App'x 65. These allegations form the core of Bai's fraud claim and are based on information he had, and inferences he could have drawn, in 2015. *See Cohen*, 711 F.3d at 361 (noting that the duty to inquire is triggered by information that "relates directly to the misrepresentations and omissions the [p]laintiffs later allege in their action against the defendants") (quoting *Newman v. Warnaco Grp.*, 335 F.3d 187, 193 (2d Cir. 2003)).