23-728(L)
*Black et al. v. Dain et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*.

_____

SARAH H. BLACK, JACOB L. BLACK,

> *Plaintiffs-Appellants-Cross-Appellees,*

SAMUEL H. BLACK, DANIEL L. BLACK, KATHERINE BLACK,
ON BEHALF OF HER MINOR CHILDREN D.B. AND J.B.,

> *Plaintiffs,*

> v.                                          Nos. 23-728(L), 23-1235

ANTHONY DAIN, CHERIE WRIGLEY, ESAUN G. PINTO, SR.,
CPI INVESTIGATIONS,

> *Defendants-Appellees-Cross-Appellants,*

IRA SALZMAN, LISA DIPONIO, GAYLE YOUNG, PAMELA KERR, MELISSA COHENSON, BRIAN A. RAPHAN, P.C.,

   *Defendants.*[*]

_____

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS-CROSS-APPELLEES:** | MICHAEL H. SCHAALMAN, Schaalman Law Group, Milwaukee, WI. |
| **FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS:** | ROBERT M. FANTONE (Andrew L. Mancilla, *on the brief*), Mancilla & Fantone, LLP, New York, NY, and Anthony Dain, Esq., *pro se* defendant-appellee, San Diego, CA. |
| **FOR AMICI:** | Richard Black, for Center for Estate Administration Reform and Kasem Cares Foundation, Cornelius, NC. |
| | Luanne Fleming, for Families Against Court Embezzlement Unethical Standards, Aurora, CO. |

Cross-appeals from the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment filed March 31, 2023 and its memorandum and order entered July 31, 2023 are **AFFIRMED**.

_____

[*] The Clerk is respectfully instructed to amend the caption as set forth above.

Plaintiffs-Appellants-Cross-Appellees Sarah H. Black and Jacob L. Black (together, "Plaintiffs") appeal a judgment entered March 31, 2023, dismissing their complaint against Defendants-Appellees-Cross-Appellants Anthony Dain, Cherie Wrigley, Esaun G. Pinto, Sr., and CPI Investigations (collectively, "Defendants") for breach of fiduciary duty. Judgment was entered after the district court granted Defendants' motion for summary judgment by memorandum and order entered March 31, 2023. Defendants cross-appeal from the district court's decision denying Defendants' motion to clarify, modify, or amend the judgment.

Plaintiffs are the grandchildren of Renata Black, who passed away nearly thirteen years ago and left a $4.7 million estate. In 1997, Renata signed a will naming her son Bernard as the executor of her estate and creating two trusts (the "Issue Trust" for the benefit of Renata's grandchildren and the "SNT Trust" for the benefit of Joanne Black ("Joanne")). Dain was a co-trustee of both trusts. Since then, the competing claims to Renata's inheritance by both Plaintiffs and Defendants have generated at least eighteen lawsuits around the nation, including litigation in the Denver Probate Court. Many of these lawsuits are still pending.

Here, Plaintiffs argue that Dain (aided and abetted by Wrigley, Pinto, and CPI Investigations) breached his fiduciary duty as the co-trustee of the two trusts. "To establish a prima facie case for breach of fiduciary duty, a plaintiff must allege (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Lambro Indus., Inc. v. Gilbert*, 221 N.Y.S.3d 240, 241 (2d Dep't 2024).[1]

In its summary judgment decision, the district court first concluded that Dain had a fiduciary duty to both trusts. Second, the district court concluded that to the extent Dain was a trustee of the two trusts, he engaged in "misconduct" because he took actions adverse to the interests of the trust beneficiaries. Third, however, the district court held that "Plaintiffs have failed to show . . . that they suffered damages directly caused by [Dain's] misconduct." Special App'x at 36 (internal quotation marks omitted). Plaintiffs argue on appeal that the district court's conclusion about damages is wrong.

---

[1]     Both the Issue Trust and SNT Trust state that "The Trustee shall have all powers granted fiduciaries under the New York Estates Powers and Trusts Law as amended to the date of this Trust." Appellees' App'x at 29. Plaintiffs cited New York law in the complaint and made no objection to the district court's application of New York law on the motion to dismiss. Both parties also cite New York law on appeal. "[W]hile courts are not bound by some types of legal conclusions agreed to by the parties, courts sitting in diversity may properly rely on the forum state's law where neither party asserts that another jurisdiction's law meaningfully differs." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 276 n.2 (2d Cir. 2013) (internal citations omitted).

4

Although they prevailed in moving for summary judgment, Defendants moved to clarify, modify, or amend the district court's summary judgment decision. Specifically, Defendants asked the district court to reconsider its misconduct finding and hold instead that there was a material dispute with respect to misconduct. The district court denied the motion, holding that it was procedurally improper and also failed on the merits. Indeed, the district court concluded that there was no genuine dispute that "Dain's actions met the 'misconduct' element of the breach-of-fiduciary-duty claim." Appellees' App'x at 1522. Defendants now cross-appeal.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Horn v. Med. Marijuana, Inc.*, 80 F.4th 130, 135 (2d Cir. 2023) (quoting *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023)).

Summary judgment is appropriate only "where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 843 (2d Cir. 2013) (internal quotation marks omitted).  We may affirm a summary judgment order "on any ground supported by the record, even if it is not one on which the district court relied."  *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012).

"We generally review motions for reconsideration under an 'abuse of discretion' standard."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 435 (2d Cir. 2011) (internal citations omitted).

## I.  Plaintiffs' Appeal

Plaintiffs failed to present evidence from which a jury could reasonably find a ripe claim to damages directly caused by Dain's misconduct.  Both parties agree that Dain, as a co-trustee of both trusts, owed Plaintiffs a fiduciary duty.  *See* Appellants' Br. at 8; Appellees' Br. at 27.  But even though a reasonable jury could find Dain's actions to constitute "misconduct," Plaintiffs failed to raise a genuine issue of material fact as to a theory of damages that is ripe for adjudication.

Damages are an "essential element" of a breach of fiduciary duty claim, and the claim "is not enforceable until damages are sustained." *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 12 N.Y.3d 132, 140 (2009) (quoting *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94 (1993)).  Indeed, even accepting the district court's finding that Dain engaged in "misconduct," this Court has held that a breach of fiduciary duty "requires proof of 'damage' (harm or injury)." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 241 (2d Cir. 2020).  "Nominal damages cannot satisfy the 'damage' element of a breach of fiduciary duty claim" and "harm consist[ing] of lost future opportunities and potential future expenses . . . [is] too speculative to amount to 'actual harm' under New York law." *Id.* at 241, 243.

Plaintiffs did not present evidence that they have suffered a cognizable injury.  As the parties agree, neither trust has been defunded.  Moreover, Plaintiffs' claims for any future damages due to the potential defunding of the trusts are unripe for judicial review.  *See id.* at 243-44.  "In assessing the possible hardship to the parties resulting from withholding judicial resolution, we ask whether the challenged action creates a direct and immediate dilemma for the parties." *Simmonds v. I.N.S.*, 326 F.3d 351, 360 (2d Cir. 2003) (quoting *Marchi v. Bd. of Coop. Educ. Servs. of Albany*, 173 F.3d 469, 478 (2d Cir. 1999)).  "The mere

7

possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." *Id.* (citing *Marchi*, 173 F.3d at 478-79).

Because the trusts are not yet defunded, any claims for future damages resulting from the defunding of the trusts do not create "a direct and immediate dilemma for the parties" and this situation instead presents "the mere possibility of future injury." *Id.* (citing *Marchi*, 173 F.3d at 478-79). The possibility of future defunding is insufficient to raise a question of material fact as to Plaintiffs' claims. *See Simmonds*, 326 F.3d at 360; *Marchi*, 173 F.3d at 478. As damages are an "*essential* element" of a breach of fiduciary duty claim, we therefore decline to enforce a fiduciary duty claim "until damages are sustained." *IDT Corp.*, 12 N.Y.3d at 140 (emphasis added) (quoting *Kronos*, 81 N.Y.2d at 94).

Finally, to the extent Plaintiffs argue damages based on litigation expenses, we similarly reject those claims as premature. Plaintiffs presented no specific "proof" of expenses that have already been disbursed from the trusts. *Yukos Cap.*, 977 F.3d at 241. Moreover, given the nature and pendency of the various litigations, any payments for attorneys' fees or litigation expenses out of the trust or estate funds will be subject to approval of the courts in the actions in question. The issue as to the propriety of those future disbursements is better resolved in

the first instance by the courts in which those applications will be made.  If at a later point in time, Plaintiffs can show proof of improper fee disbursements from the trust, they may attempt to renew their claim.

We do not decide whether damages will become cognizable in the future. In fact, the district court noted that various other pending litigations "may lead to a defunding of one or both Trusts in the future."  Special App'x at 37.  Various cases are pending on appeal regarding, among other things, the status of Joanne's conservatorship, the validity of Bernard's disclaimer, and Dain's efforts to void the disclaimer and defund the trusts.

Therefore, because the issue of Plaintiffs' entitlement to payment is premature, we affirm the district court's dismissal of Plaintiffs' claims without prejudice to renewal if circumstances change.  As this Court has recognized, we should "avoid entangling ourselves in abstract disagreements and engaging in premature adjudication."  *United States v. Broadcast Music, Inc.*, 275 F.3d 168, 178 (2d Cir. 2001) (quoting *Longway v. Jefferson Cnty. Bd. of Supervisors*, 24 F.3d 397, 400 (2d Cir. 1994)); *see also Simmonds*, 326 F.3d at 357 ("[W]hen a court declares that a case is not prudentially ripe, it means that the case will be *better* decided

later and that the parties will not have constitutional rights undermined by the delay.").

## II. Defendants' Cross-Appeal

Dain does not take issue with the district court's final judgment -- dismissal of the claims against him -- but instead challenges the district court's reasoning. Specifically, Dain challenges the district court's conclusion with respect to the second element of the breach-of-fiduciary-duty claim that he engaged in "misconduct." Special App'x at 42. Hence, even though he prevailed in defeating the claim against him, Dain seeks to appeal part of the trial court's reasoning. Even assuming a prevailing party could appeal a court's reasoning, we do not need to reach the issue of whether the district court erred in concluding that Dain engaged in misconduct, and we decline to do so.

\* \* \*

Because we agree with the district court's ruling with respect to damages, we **AFFIRM** the district court's judgment dismissing Plaintiffs' claims, except to the extent that the matter is **REMANDED** to the district court with instructions to modify the judgment to reflect that the dismissal is without prejudice to renewal if circumstances change. We also **AFFIRM** the district court's

memorandum and order denying Defendants' motion to clarify, modify, or amend.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court