■ CAROLYN COPPOLA, Respondent, v ALAN MATARASSO, Appellant.—Order, Supreme Court, New York County (Helen Freedman, J.), entered May 13, 1991, denying defendant's motion to dismiss for lack of personal jurisdiction, unanimously affirmed, with costs.

Defendant contends that service of process did not comply with the requirements of CPLR 308 (2). He denies that anyone at his office was served with the summons and complaint and that he received a copy of such service by mail. According to the affidavit submitted by the process server, service was effected by delivering the summons and complaint to a named employee of the doctor at his office in his absence. Following a hearing at which the process server, the defendant, and plaintiff's attorney testified, the IAS court determined that

plaintiff had sustained her burden of proof to establish that service was properly made. We affirm that finding, in view of the process server's affidavit and testimony, which included an accurate description of the person with whom he left the papers *(see, Nagib v Tolette-Velcek,* 133 AD2d 72). No other witness was presented who could testify to the contrary, despite the entry in the doctor's records that the papers had been left in the vestibule *(Oxhandler v Sekhar,* 88 AD2d 817). Nor was an affidavit submitted by the person who had allegedly made that notation. Furthermore, there need not be proof that the copy served by mail was received. Thus, the court correctly found, based on the affidavits and testimony of both the process server and plaintiff's attorney, that evidence of a proper mailing was sufficient to comply with the statute *(Public Adm'r of County of N. Y. v Markowitz,* 163 AD2d 100). Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.