■ ALBERTA RIDGEWAY, Respondent, v ST. JOHN'S QUEENS HOSPITAL et al., Defendants, and ANIBAL CASADO, Appellant. [606 NYS2d 44] —In an action to recover damages for medical malpractice, the defendant Anibal Casado appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated May 15, 1991, which denied his motion to dismiss the complaint insofar as it is asserted against him for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

We reject the appellant's contentions that the plaintiff failed to deliver the summons and complaint to a person of suitable age and discretion at his dwelling place *(see,* CPLR 308 [2]; *Sutro Co. v Valenzuela,* 113 AD2d 793). Pursuant to CPLR 308 (2), a summons mailed to the defendant's actual place of business must not indicate "by return address or

otherwise, that the communication is from an attorney". However, in this case, the summons and complaint was mailed to the appellant's last known residence rather than to his actual place of business. Thus, the fact that the envelope bore the return address of the plaintiff's attorney did not render the mailing defective (see, CPLR 308 [2]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:2, at 306; cf., Broomes-Simon v Klebanow, 160 AD2d 973). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.