■ NATHAN BEZOZA, Appellant, v IRA BEZOZA et al., Respondents, et al., Defendants. [921 NYS2d 247]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 21, 2010, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the first, second, sixth, seventh, and eighth causes of action, unanimously affirmed, with costs.

Plaintiff Nathan Bezoza, the father of defendant Ira Bezoza and the father-in-law of defendant Lynn Martell, Ira's wife, alleges that defendants defrauded him into resigning his interest in property that he co-owned with Ira, and that defendants then sold the property and retained the proceeds for themselves.

The complaint, insofar as asserted against defendant Darbtex, should be dismissed for failure to properly serve the corporation in accordance with the requirements of CPLR 311 (a) (1). Although the doorman of the individual defendants' apartment building could properly accept service on behalf of the individual defendants (*see* CPLR 308 [2]; *F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]; *Al Fayed v Barak*, 39 AD3d 371 [2007]; *Charnin v Cogan*, 250 AD2d 513, 517 [1998]), plaintiff failed to show that the doorman was "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service" on behalf of the corporation (CPLR 311 [a] [1]; *see Albilia v Hillcrest Gen. Hosp.*, 124 AD2d 499 [1986]). Contrary to the individual defendants' contention, the record shows that plaintiff also met the mailing requirements of CPLR 308 (2). The timely-filed affidavits of service indicate that the summons and complaint were mailed on April 22, 2009, two days after the delivery date, and CPLR 308 (2) imposes no requirement that a defendant actually receive the mailing before jurisdiction is acquired (*see Coppola v Matarasso*, 184 AD2d 283 [1992]; *Oxhandler v Sekhar*, 88 AD2d 817, 818 [1982]). Further, the requirement that the summons and complaint be mailed "in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served," pertains only to mailings made to a defendant's "actual place of business," and not to the defendant's residence (CPLR 308 [2]; *see Ridgeway v St. John's Queens Hosp.*, 199 AD2d 490 [1993]).

The fraud and breach of fiduciary claims as asserted against

the individual defendants should be dismissed as untimely. While the action was commenced on March 17, 2009, the fraud claim accrued when plaintiff resigned his interest in the corporation on February 27, 2003, and the two-year discovery accrual rule does not apply, as he could have discovered the fraud with reasonable diligence when he, a sophisticated businessman, signed the resignation or when he received the K-1 schedule tax form for the tax year 2003 stating that he owned a zero percent interest in WSA (*see* CPLR 213 [8]; 203 [g]). Although the six-year statute of limitations applies to the breach of fiduciary duty claim (*see Kaufman v Cohen*, 307 AD2d 113, 119 [2003]; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 119-121 [1985], *affd* 67 NY2d 981 [1986]), the claim is time-barred for the same reason. Similarly, the fraudulent conveyance claims (*see* Debtor and Creditor Law §§ 274-276) stemming from plaintiff's resignation of his partnership interest in 2003 are untimely.

To the extent plaintiff's fraudulent conveyance claims stem from his signing of the mortgage satisfaction on February 3, 2007, the action is timely. However, the allegations related to these claims "contain only legal conclusions and no specific factual allegations" (*NTL Capital, LLC v Right Track Rec., LLC*, 73 AD3d 410, 412 [2010]). Also, plaintiff failed to allege how his signing of the satisfaction of mortgage effected the transfer of the property, or how he was a creditor of defendants at the time of the transfer. Accordingly, the fraudulent conveyance claims should also be dismissed for failure to state a cause of action. Concur—Renwick, J.P., DeGrasse, Freedman and Richter, JJ.