■ DIANA JOY INGHAM, Derivatively on Behalf of COBALT ASSET MANAGEMENT, L.P., Respondent, v CHARLES R. THOMPSON et al., Defendants, and H.G. WELLINGTON CO., INC., Appellant, et al., Nominal Defendant. [931 NYS2d 306]—

Plaintiff, a limited partner in Cobalt Asset Management, L.P. (CAM), alleged that Wellington aided and abetted defendant Thompson's alleged breach of his fiduciary duties to CAM, and was thereby unjustly enriched. Thompson was a general partner of CAM when he entered into two agreements with Wellington in April 1995. In the assignment agreement, Wellington agreed to pay CAM $35,000 for, among other things, the right, title and interest in the investment management agreements governing 38 client accounts managed up to that time by CAM. In the executive services agreement, Wellington agreed to pay Thompson a base salary of $50,000 per year plus a portion of the management fees received by Wellington from CAM's investment management clients.

We find that the aiding and abetting claim is barred by the statute of limitations. The applicable limitations period for that claim is six years, since plaintiff's fraud cause of action against codefendants is not merely "incidental" to the breach of fiduciary duty cause of action against them (*see* CPLR 213 [1], [8]; *Kaufman v Cohen*, 307 AD2d 113, 121 [2003]). However, the complaint contains no allegations of any conduct by Wellington after 1995, except the receipt of monies owed under the contracts through 2001. Wellington correctly contends that the various theories argued by plaintiff for tolling the limitations period are inapplicable here. Equitable estoppel does not apply, as there are no allegations that Wellington made any affirmative representations or had a fiduciary duty to plaintiff (*see Kaufman*, 307 AD2d at 126). The discovery accrual rule does not apply in cases alleging constructive fraud (*id.*; *see* CPLR 213 [8]; 203 [g]). Repudiation is also unavailing, as the requirement of a clear repudiation applies only to claims seeking an accounting or other equitable relief (*see Matter of Kaszirer v Kaszirer*, 286 AD2d 598, 599 [2001]).

Moreover, plaintiff failed to state a cause of action for aiding and abetting breach of fiduciary duty against Wellington, as the assignment agreement expressly represented that the transfer of the partnership's assets was conducted in accordance with the partnership agreement and investment management agreements. In the face of such a representation, it does not necessarily follow that Wellington should have suspected it was assisting wrongdoing simply because the terms of the agreements appear one-sided. Nor does plaintiff point to any duty Wellington—an outsider to the partnership—would owe to the limited partners to conduct any further investigation as to the "fair-

ness" of the transaction. Based on the documentary evidence and the facts in the complaint, it could not be inferred that Wellington had actual knowledge that it sought to conceal from the limited partners (*see Kaufman*, 307 AD2d at 125; *compare Oster v Kirschner*, 77 AD3d 51, 55-56 [2010]).

Plaintiff's unjust enrichment claim against Wellington also fails, inasmuch as a valid and enforceable contract governs the subject matter of the claim (*see Superior Officers Council Health & Welfare Fund v Empire HealthChoice Assur., Inc.*, 85 AD3d 680, 682 [2011]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Richter, JJ.