■ ROBERT LIM et al., Respondents, v JOEL KOLK et al., Defendants, and JAMES J. COX, Appellant. [997 NYS2d 412]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 19, 2012, which, insofar as appealed from, denied so much of defendant James J. Cox's (defendant) motion to dismiss the fraud and aiding and abetting breach of fiduciary duty claims against him on statute of limitations grounds (CPLR 3211 [a] [5]), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

As this Court previously held, "the fraud cause of action accrued in December 2005 when the last allegedly fraudulent check was issued from the deceased's bank account" (111 AD3d 518, 519 [1st Dept 2013]). We reject plaintiffs' contention that they could not have discovered defendant's participation in the alleged fraud until June 2010. Plaintiffs could have, with reasonable diligence, discovered defendant's participation in May 2007, when plaintiffs were authorized to obtain and examine the deceased's financial records (*see id.*). Accordingly, the fraud cause of action, brought more than two years from the date the alleged fraud could have been discovered and more than six years from the date the cause of action accrued, is time-barred (*see id.*; *see also* CPLR 213 [8]; *cf. Sargiss v Magarelli*, 12 NY3d 527, 532 [2009]).

Given this Court's prior determination that, based on the allegations of actual fraud, the breach of fiduciary duty claim against defendant Joel Kolk was subject to the six-year limita-

tions period (*Lim*, 111 AD3d at 519), that limitations period also applies to the aiding and abetting breach of fiduciary duty claim against defendant (*see Ingham v Thompson*, 88 AD3d 607, 608 [1st Dept 2011]). The two-year discovery accrual rule also applies, as the claim sounds in actual fraud, as opposed to constructive fraud (*cf. Kaufman v Cohen*, 307 AD2d 113, 126-127 [1st Dept 2003]). Nevertheless, the claim is time-barred under either limitations period for the same reasons that the fraud claim was untimely. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ.