■ SIMCHA STERN et al., Appellants, v MORGAN STANLEY SMITH BARNEY, Formerly DEAN WITTER REYNOLDS, et al., Respondents. [12 NYS3d 74]—Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 10, 2013, which granted defendants' motion to dismiss on the basis of the statute of limitations, unanimously affirmed, with costs.

Plaintiffs' fraud claims arose more than 10 years before the commencement of this action. As such, plaintiffs had to show that they could not have discovered the fraud two years prior to this action, by the exercise of reasonable diligence (CPLR 213 [8]). Here, however, plaintiffs did not deny that they received monthly account statements, or assert that they inquired if no such statements were received. This failure was fatal to their claims of reasonable diligence (see Lim v Kolk, 122 AD3d 547 [1st Dept 2014]). The breach of fiduciary duty claim was not tolled by the open repudiation doctrine. That rule applies only to claims for accounting or equitable relief, and plaintiffs' claims are solely at law (Ingham v Thompson, 88 AD3d 607, 608 [1st Dept 2011]). The doctrine could not save the fiduciary duty claim as to Morgan Stanley for the additional reason that it ceased to be plaintiffs' broker in 2001, at which time the fiduciary duty was "repudiated" (see Kaszirer v Kaszirer, 286 AD2d 598, 599 [1st Dept 2001]). Finally, plaintiffs'

lack of reasonable diligence also bars their claims for equitable estoppel (*Matter of Jack Kent Cooke, Inc. [Saatchi & Saatchi N. Am.]*, 222 AD2d 334, 335 [1st Dept 1995]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.