(March 15, 2016)

■ RITA CUSIMANO et al., Appellants, v ANDREW V. SCHNURR, CPA, et al., Respondents, and BERNARD V. STRIANESE et al., Third-Party Intervenors-Respondents. [27 NYS3d 135]—

Upon remittitur from the Court of Appeals for further proceedings (26 NY3d 391 [2015]), judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered September 11, 2013, which, to the extent appealed from as limited by the briefs, permanently stayed the arbitration of all claims as

against defendant Schnurr, and permanently stayed the arbitration of certain claims as against the Norman defendants and intervenors, unanimously modified, on the law, to vacate the stay of arbitration with respect to the breach of fiduciary duty claims and aiding and abetting breach of fiduciary duty claims as against the Norman defendants and intervenors that fall within the six-year statute of limitations, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 16, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The factual background and procedural history of this longstanding controversy is set forth in the prior decisions (26 NY3d 391 [2015]; 120 AD3d 142 [1st Dept 2014]; 40 Misc 3d 1208[A], 2013 NY Slip Op 51077[U] [Sup Ct, NY County 2013]). As a brief summary, this case involves a series of disputes among family members who own a group of real estate businesses. Plaintiffs Rita Cusimano and Dominic J. Cusimano are husband and wife, and intervenors Bernard V. Strianese and Bernadette Strianese are Rita's father and sister respectively. Rita and the Strianeses own or formerly owned, in various degrees, certain entities that invest in commercial real estate. Defendants Andrew V. Schnurr, CPA and Michael Gerard Norman, CPA are certified public accountants who, along with Michael Gerard Norman, CPA, P.C., Norman's accounting firm (collectively, the accountants), are alleged to have provided accounting and tax services to plaintiffs and the various entities. The first entity is the Strianese Family Limited Partnership (FLIP), which had owned commercial property in Deer Park, New York, and now owns commercial property in Florida leased to a CVS Drug Store. The second entity is Berita Realty, LLC (Berita), which owns an interest in an entity that owns a Marriott Hotel in New York State. The third consists of two entities known collectively as the Seaview Corporations (Seaview), which own two commercial buildings in New York State.

In September 2011, plaintiffs commenced this action against the accountants alleging breach of fiduciary duty, accounting malpractice, and aiding and abetting fraud and other misconduct on the part of Bernard and Bernadette, who were not named as defendants.

In September 2012, plaintiffs filed a demand for arbitration and a statement of claim, containing nearly identical allegations and including Bernard and Bernadette as respondents. Plaintiffs then moved to dismiss the action they commenced in Supreme Court, or in the alternative, for a stay pending arbitration. The accountants cross-moved to dismiss the action

with prejudice or, in the alternative, to permanently stay the arbitration claims as time-barred. By separate motions, Bernard and Bernadette each moved to intervene and to permanently stay the arbitration based on the statute of limitations. The motion court found many of plaintiffs' claims time-barred, and granted a permanent stay of the arbitration of those claims.

In our previous decision, we did not reach the statute of limitations issue because we determined that was for the arbitrator to decide. The Court of Appeals held that in this case, the issue of timeliness should be determined by the court. The Court of Appeals remitted the case to this Court for further proceedings, and upon remittitur, we now address the statute of limitations issues.

Plaintiffs do not dispute that Schnurr ceased acting as their accountant or doing any other work for them or their companies in 2003. Thus, the motion court properly concluded all of their claims against him are barred as untimely.

Contrary to the motion court's conclusion, we find that a six-year statute of limitations applies to the breach of fiduciary duty claims against Bernard, Bernadette, and the Norman defendants (and to the aiding and abetting breach of fiduciary duty against the Norman defendants). In *Kaufman v Cohen* (307 AD2d 113, 118 [1st Dept 2003]), this Court explained that the applicable statute of limitations for breach of fiduciary duty depends upon the substantive remedy sought. Where the relief sought is equitable in nature, the six-year limitations period of CPLR 213 (1) applies, but if the claim is for monetary relief, a three-year limitations applies (*see Kaufman* at 118).

"Nevertheless, . . . a cause of action for breach of fiduciary duty based on allegations of actual fraud is subject to a six-year limitations period" (*id.* at 119, citing *Goldberg v Schuman,* 289 AD2d 8 [1st Dept 2001]; *Matter of Kaszirer v Kaszirer,* 286 AD2d 598, 598-599 [1st Dept 2001]; *Heffernan v Marine Midland Bank,* 283 AD2d 337, 338 [1st Dept 2001]; *Unibell Anesthesia v Guardian Life Ins. Co. of Am.,* 239 AD2d 248 [1st Dept 1997]). An exception to this rule exists " 'if the fraud allegation is only incidental to the claim asserted' " (*Kaufman* at 119, quoting *Powers Mercantile Corp. v Feinberg,* 109 AD2d 117, 120 [1st Dept 1985], *affd* 67 NY2d 981 [1986]). Thus, "where an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of Statute of Limitations, courts look for the reality, and the essence of the action and not its mere name" (*Kaufman* at 119 [internal quotation marks omitted]).

Here, although the fiduciary duty claims seek monetary relief, the six-year limitations period applies because the claims sound in fraud. Plaintiffs alleged that the accountants and Bernard and Bernadette induced Rita to sell her stake in Seaview below the fair market value of the interest. Plaintiffs also alleged that with regard to Berita, the accountants and Bernard and Bernadette conspired to falsify tax filings so that plaintiffs incurred phantom taxes and the inability to claim losses in some years. In addition, plaintiffs alleged the accountants and Bernard and Bernadette created fraudulent promissory notes that appear to have gutted Berita of its equity. Further, plaintiffs alleged with regard to FLIP, the accountants and Bernard and Bernadette engaged in similar acts of tax fraud resulting in similar consequences for plaintiffs. Plaintiffs also alleged that the accountants and Bernard and Bernadette forged Rita Cusimano's signature of checks and bank documents to move funds out of the companies.

These allegations, which sound in fraud, are not merely incidental to the breach of fiduciary duty claims, and thus, the applicable limitations period for plaintiffs' breach of fiduciary claims is six years (*see Kaufman* at 119-121; *see e.g. AQ Asset Mgt., LLC v Levine*, 119 AD3d 457 [1st Dept 2014] [claims that defendant deceived sellers into signing the stock and sales proceeds distribution, and failing to disclose and misrepresenting full benefits accruing to defendant, including defendant's personal interest in the sale proceeds, were sufficient to allege fraudulent conduct that defendant breached his fiduciary duty as to warrant a six-year limitations period]; *New York State Workers' Compensation Bd. v Consolidated Risk Servs., Inc.*, 125 AD3d 1250 [3d Dept 2015] [breach of fiduciary duty claim is subject to a six-year limitations period despite not seeking equitable relief, because defendants breached their fiduciary duties to the trusts by fraudulently concealing or misrepresenting the financial condition of the trusts]; *Monaghan v Ford Motor Co.*, 71 AD3d 848 [2d Dept 2010] [breach of fiduciary cause of action against defendant stated an actual claim of fraud, which was not merely incidental to the breach of fiduciary duty claim and was subject to six-year statute of limitations]; *Klein v Gutman*, 12 AD3d 417 [2d Dept 2004] [cause of action alleging breach of fiduciary duty was based on allegations of actual fraud, and the applicable statute of limitations was six years]).

We reject plaintiffs' claim that the statute of limitations should be tolled by the open repudiation doctrine, which only applies to claims for accounting or equitable relief (*see Stern v*

*Morgan Stanley Smith Barney*, 129 AD3d 619 [1st Dept 2015]; *Ingham v Thompson*, 88 AD3d 607, 608 [1st Dept 2011]). Here, plaintiffs seek money damages for their breach of fiduciary claims, and thus this rule is inapplicable.

Plaintiffs' argument that their accounting malpractice claims against the Norman defendants are tolled because of the continuous representation doctrine also is unavailing. Plaintiffs' allegations that the Norman defendants continued to provide accounting and tax services for the relevant entities and individuals amount to nothing more than a series of discrete and severable transactions, and are not sufficient enough to toll the running of the statute of limitations (*see Booth v Kriegel*, 36 AD3d 312 [1st Dept 2006]; *see also Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1 [2007]).

Moving to the fraud claims against the accountants, the motion court correctly applied a six-year statute of limitations. The statute of limitations for claims based on fraud is the greater of six years from the date the cause of action accrued or two years from the time plaintiff discovers the fraud, or could with reasonable diligence have discovered it (CPLR 213 [8]). A plaintiff will be held to have discovered the fraud, when the plaintiff has knowledge of facts from which the fraud could be reasonably inferred (*see Kaufman* at 123, citing *Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 305-306 [1st Dept 1995], *lv denied* 86 NY2d 710 [1995]; CPLR 203 [g]; *see also Bezoza v Bezoza*, 83 AD3d 578 [1st Dept 2011]).

Plaintiffs were on inquiry notice long before July 2010 of the alleged fraud committed with respect to all of the partnerships and investments. Rita had signed a promissory note in 1999 promising that Berita would pay Bernard in the amount of $485,426 with 10% interest. Despite her claims that the note was "fictitious" and lacked consideration, she fails to dispute the documentary evidence showing that Bernard injected over $5 million into Berita in the forms of loans, and fails to offer proof of how Berita was funded. This promissory note establishes plaintiffs were on inquiry notice that Berita was paying money to Bernard.

Further, plaintiffs were on inquiry notice because Rita admitted she received from Schnurr a 1998 Schedule K-1 for Berita, reflecting a $890,000 distribution from a Berita entity as though it was paid on a 50/50 basis to plaintiff Rita and Bernadette, but claims she never received the $445,000. Rita's tax returns for 1998 through 2001 reported income from Berita totaling over $450,000, which she claims she never actually received. Rita admits she readily accepted the explanations

provided to her and never questioned what happened to the company's substantial earnings.

Moreover, plaintiffs were on inquiry notice because Rita admits that prior to this current dispute, she had asked for information regarding Berita and other entities in which she had an interest, but that the accountants directed her to her father, Bernard. Bernard assured her that he was looking out for Rita's and Bernadette's interest, and that he "was often annoyed that I would ask about these matters." Rita admitted she wanted more information about the family businesses, but did nothing.

Regarding the fraud claims against Bernard and Bernadette, the motion court was correct in applying a six-year statute of limitations. Plaintiffs admit they had actual knowledge of fraud no later than July 2010, which was more than two years from the commencement of the arbitration, and therefore the two-year discovery rule was inapplicable.

We also agree with the motion court in refusing to apply equitable estoppel to toll the statute of limitations for plaintiffs' fraud claims. Where the same alleged wrongdoing that underlines the plaintiffs' equitable estoppel argument is also the basis of their tort claims, equitable estoppel will not lie (*Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]). Here, equitable estoppel is inapplicable because the alleged fraudulent concealment forms the basis of both plaintiff's estoppel argument and the underlying claims (*see Kaufman* at 122). Concur—Tom, J.P., Moskowitz, Richter and Kapnick, JJ.