■ In the Matter of HUGUETTE CLARK, Deceased. PUBLIC ADMINISTRATOR OF NEW YORK COUNTY et al., Appellants-Respondents, v BETH ISRAEL MEDICAL CENTER et al., Respondents, and MARK RUDICK et al., Respondents-Appellants, et al., Respondents. [45 NYS3d 41]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered August 19, 2015, which, to the extent appealed from as limited by the briefs, dismissed certain claims as against Jack Rudick as time-barred, denied the motion of respondents Mark Rudick and Anne L. Rudick-Lowe, as co-executors of the estate of Jack Rudick, and Irene Rudick to dismiss the petition in its entirety as against them, and granted the motion of respondents Beth Israel Medical Center, Continuum Health Partners, Inc. and Mount Sinai Health Systems, Inc. (collectively Beth Israel) to dismiss all claims as against them, unanimously modified, on the law, to the extent of dismissing the claims as against Irene Rudick, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the proceeding as against Irene Rudick.

It is well established that courts "look to the underlying claim and the nature of the relief sought to determine the applicable period of limitation" (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 41 [1995] [internal quotation marks omitted]). Here, the Rudicks contend that the allegations brought pursuant to SCPA 2103 are a claim for conversion, and petitioners have alleged unjust enrichment, undue influence, and constructive trust claims solely to obtain the benefit of a longer six-year statute of limitations. However, when a conversion claim is asserted with respect to money, the funds must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner (*see Lucker v Bayside Cemetery*, 114 AD3d 162, 174 [1st Dept 2013], *lv denied* 24 NY3d 901 [2014]). Here, a conversion claim was not stated since there are no allegations that the money given to the Rudicks by decedent was specifically identifiable, was obligated to be returned, or otherwise treated in a particular manner.

Dismissal of the petition as against Irene Rudick, however, is warranted. The petition failed to allege any misconduct by Irene, who was not alleged to have had any contact with decedent, and where the transfers to her took place more than six years prior to decedent's death.

The court properly dismissed the breach of fiduciary duty claims against Beth Israel. No facts were stated from which the factfinder could conclude that decedent relied upon the hospital for anything other than medical advice, care, and treatment.

The breach of fiduciary duty claims were not tolled by the

open repudiation doctrine, because a fiduciary relationship between decedent and either Jack Rudick or Beth Israel was not stated, and this toll does not apply to claims for money damages (*see Stern v Morgan Stanley Smith Barney*, 129 AD3d 619 [1st Dept 2015]). The toll provided in CPLR 208 is similarly unavailing because the petition did not allege that decedent was insane and the record shows that she had an attorney and an accountant with whom she regularly communicated to protect her legal rights (*see McCarthy v Volkswagen of Am.*, 55 NY2d 543, 548 [1982]).

We have considered the remaining arguments and find them unavailing. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.