VA Mgt., LP v Estate of Valvani (2021 NY Slip Op 01878)





VA Mgt., LP v Estate of Valvani


2021 NY Slip Op 01878


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 654490/19 Appeal No. 13438 Case No. 2020-03536 

[*1]VA Management, LP, Plaintiff-Appellant,
v
Estate of Sanjay Valvani, Defendant-Respondent.


Susman Godfrey L.L.P., New York (Mark H. Hatch-Miller of counsel), for appellant.
Sher Tremonte LLP, New York (Michael Tremonte of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered May 20, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the breach of fiduciary duty claim, unanimously affirmed, without costs.
Supreme Court properly dismissed the breach of fiduciary duty claim as barred by the three-year statute of limitations (CPL 214[4]). In seeking recovery of compensation that plaintiff paid its employee, decedent Sanjay Valvani, during the time he allegedly engaged in an insider trading scheme, plaintiff seeks purely monetary relief, not equitable relief for which an award of monetary damages would not be adequate. Plaintiff's characterization of that relief as "disgorgement" of Valvani's compensation does not convert it into a claim for equitable relief to which the six-year statute of limitations would apply (CPLR 213[1]; see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009]; Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003]; see Access Point Med., LLC v Mandell, 106 AD3d 40, 44 [1st Dept 2013]).
The court correctly concluded that the breach of fiduciary claim accrued in 2011 at the latest, when Valvani completed the insider trading scheme, which resulted in large profits to the portfolio and thus, to plaintiff, and which in turn increased Valvani's performance-based compensation. The three-year statute of limitations had run by June 2019, when the parties executed a tolling agreement, and the court thus properly dismissed plaintiff's breach of fiduciary duty claim, raised in its suit commenced on August 7, 2019. The court also correctly deemed the fiduciary tolling doctrine, which it referred to as "equitable tolling," inapplicable because it does not apply to claims that are solely at law like this one (Stern v Barney, 129 AD3d 619 [1st Dept 2015]; see also IDT Corp., 12 NY3d at 139; Cusimano v Schnurr, 137 AD3d 527, 530 [1st Dept 2016]).
Plaintiff's breach of fiduciary duty claim does not sound in fraud to warrant application of the six-year statute of limitations (CPLR 213[8]). In particular, the complaint fails to allege that it justifiably relied on any misrepresentation from Valvani, including his certifications of compliance with plaintiff's policies prohibiting insider trading (IDT Corp., 12 NY3d at 140).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021