Sabourin v Chodos (2021 NY Slip Op 03392)





Sabourin v Chodos


2021 NY Slip Op 03392


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kapnick, Oing, Singh, JJ. 


Index No. 650591/15 Appeal No. 13811 Case No. 2020-04683 

[*1]Isabelle Sabourin et al., Plaintiffs- Respondents,
v
Adam Chodos, Defendant-Appellant.


VoutÉ, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains (Howard S. Jacobowitz of counsel), for appellant.
Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brian of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about July 3o, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion as to the causes of action for civil conspiracy to commit conversion and tortious interference with economic advantage on statute of limitations grounds, and otherwise affirmed, without costs.
As thoroughly detailed in the motion court's decision, this case involves allegations of an intricate and complex fraud perpetrated by defendant Adam Chodos, an attorney, in concert with his client, William Frost, to divest plaintiffs of their media company and its value. After an arbitration held in 2013-2014, plaintiffs were awarded $56.4 million against Frost. According to plaintiffs, it was only as a result of the documents presented and testimony adduced during the arbitration that they came to learn that defendant was not merely Frost's lawyer, but also a knowing and indispensable participant in the fraud.
Consequently, in February 2015, plaintiffs commenced this action against defendant Chodos, alleging fraud, aiding and abetting fraud, unjust enrichment, aiding and abetting breach of fiduciary duty, civil conspiracy to commit conversion, and tortious interference with economic advantage. Defendant moved for summary judgment, arguing that the claims were time-barred because the conduct complained of took place in 2008, well beyond the six-year statute of limitations applicable to the fraud claims and the three-year statute of limitations applicable to the remaining tort claims, that he should not be held liable for his client's actions, and that the damages were not ascertainable.
The motion court correctly denied defendant's motion as to the fraud claims. The limitations period for fraud is the greater of six years from the date of the fraud or two years from the time when, with reasonable diligence, the plaintiff could have uncovered the fraud (CPLR 213[8]; see Cusimano v Schnurr, 137 AD3d 527, 531 [1st Dept 2016]). In order to prevail, the defendant must show that there is no issue of fact under either prong.Here, defendant failed to show dispositively that plaintiffs were in possession of facts that would have triggered inquiry notice under CPLR 213(8) more than two years before the action was commenced (see Sargiss v Magarelli, 12 NY3d 527, 532 [2009]). To support his argument that plaintiffs had uncovered the fraud in 2008, defendant points to alleged inconsistencies between plaintiff Sheriff Ishak's deposition testimony and his affidavit submitted in opposition to defendant's motion. Such inconsistencies may be fodder for cross-examination, but they do not support a finding, as a matter of law, that plaintiffs were on inquiry notice more than two years before this action was commenced. 
Plaintiffs also raised issues of fact as to whether defendant committed independent and distinct fraudulent acts in 2009 in furtherance [*2]of the fraudulent scheme and within the six-year limitations period, thereby tolling the statute of limitations pursuant to the continuous wrong doctrine (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]). Specifically, plaintiffs submitted documents showing that in 2009 defendant forged Ishak's signature on a resignation letter and then used the forged letter to freeze the bank account of plaintiffs' corporation. Plaintiffs also submitted documents showing that defendant prepared fraudulent K-1s and tax filings, and created a series of fake, back-dated notes purporting to evidence debt by one of the plaintiff entities to entities controlled by Frost.
Nor are plaintiff's unjust enrichment or aiding and abetting breach of fiduciary duty claims time-barred. Both claims are subject to the six-year statute of limitations because they are based on allegations of actual fraud (CPLR 213[8]; see Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]).
Plaintiffs' remaining tort claims, however, should be dismissed. Both are subject to a three-year statute of limitations and are thus time-barred. Plaintiffs incorrectly contend that defendant is precluded from raising a statute of limitations defense on the grounds of equitable estoppel. Where the same alleged wrongdoing that underlies the plaintiffs' equitable estoppel argument is also the basis of their tort claims, equitable estoppel will not lie (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 491 [2007]). "Here, equitable estoppel is inapplicable because the alleged fraudulent concealment forms the basis of both plaintiff[s'] estoppel argument and the underlying claims" (Cusimano v Schnurr, 137 AD3d at 532).
Contrary to defendant's contention, plaintiffs are not seeking to hold him accountable for his client's conduct, but, rather, are seeking to hold him liable for his own knowing participation and involvement in the fraudulent scheme.
Lastly, defendant's argument that plaintiffs' damages are speculative and not ascertainable is unavailing. Both parties submitted expert affidavits concerning the valuation of the company, thus raising an issue of fact to be determined at trial. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021