Mizrahi v YMZ Realty LLC (2022 NY Slip Op 01741)





Mizrahi v YMZ Realty LLC


2022 NY Slip Op 01741


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 654493/19 Appeal No. 15509 Case No. 2021-00629 

[*1]Ygal Mizrahi, Plaintiff-Appellant,
v
YMZ Realty LLC et al., Defendants-Respondents.


Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for appellant.
Miller Law Offices, PLLC, Lynbrook (Eric D. Cherches of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about January 11, 2021, which granted defendants YMZ Realty and Yoel Mizrahi's motion to dismiss the amended complaint, unanimously affirmed, without costs.
Plaintiff, Ygal Mizrahi, and defendant, Yoel Mizrahi, are brothers who had an interest in Cornelia Commercial Holding Corp. (CCHC). Per the amended complaint, the parties agreed that Ygal would be CCHC's sole shareholder of record, while Yoel would have a 40% beneficial ownership interest in CCHC, such that in the event that CCHC was sold, the net proceeds would be divided 60% to Ygal and 40% to Yoel.
Ygal alleges that in 2013, Yoel came to Ygal with a potential purchaser for the commercial unit owned by CCHC at a $13 million purchase price. To effectuate the sale, and at the instruction of Yoel, the parties entered into a stock purchase agreement in February 2013, whereby Ygal transferred his 100% stock ownership interest in CCHC to Yoel's newly formed entity, defendant YMZ Realty (YMZ), in exchange for $6 million, 60% of Ygal's equity share based on the anticipated $13 million sale proceeds.
CCHC's stock was sold in April 2013 for $16.5 million and the sale was recorded on New York City's online "Automated City Register Information System" (ACRIS). Ygal alleges that he did not know that the ultimate sale was for $3.5 million more than was contemplated by the parties' stock purchase agreement, and that Yoel defrauded him and that the fraud remained concealed, until May 2019 when Ygal's accountant received a notice from the New York State Department of Taxation and Finance, Income/Franchise Tax Field Audit Bureau, concerning a 2013 audit. He commenced this action seeking damages for, inter alia, fraud.
The motion court correctly dismissed the amended complaint on the ground that it is barred by the statute of limitations. The report on ACRIS shows that the property was sold on April 10, 2013 for $16.5 million, not $13 million, as Ygal had allegedly been informed. As a result, publicly available information was sufficient to put him on inquiry notice of possible fraud. The amended complaint fails to assert, and plaintiff does not dispute, that the alleged fraud could have been discovered with due diligence, such that the two-year discovery rule tolling causes of action for fraud would not apply (CPLR 213[8]; CPLR 203[g]; see Aozora Bank, Ltd. v Deutsche Bank Sec. Inc. v Deutsche Bank Sec. Inc., 137 AD3d 685, 689 [1st Dept 2016]; Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 180 [1st Dept 1998], lv dismissed in part, denied in part 92 NY2d 1000 [1998]).
The motion court also correctly dismissed the remaining claims in the complaint. Absent a fraud toll, plaintiff's remaining claims for aiding and abetting fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment — are also time-barred (see Kaufman v Cohen, 307 AD2d 113, 119 [1st Dept 2003]; cf. Sabourin [*2]v Chodos, 194 AD3d 660, 662 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022