Continental Indus. Group, Inc. v Ustuntas (2022 NY Slip Op 07294)

Continental Indus. Group, Inc. v Ustuntas

2022 NY Slip Op 07294

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 653215/12 Appeal No. 16671-16671A Case No. 2022-02163 2022-02178 

[*1]Continental Industries Group, Inc., Plaintiff-Respondent-Appellant,
v
Hakan Ustuntas et al., Defendants-Appellants-Respondents. 

Dunning Rievman & MacDonald LLP, New York (Petek Gunay Balatsas of counsel), for appellants-respondents.
Lazare Potter Giacovas & Moyle LLP, New York (Michael Terrance Conway of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about December 31, 2020, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims for a permanent injunction, tortious interference with prospective economic advantage, and unjust enrichment, and denied the motion as to the claims for breach of fiduciary duty, misappropriation of trade secrets, misappropriation of confidential and proprietary information, and unfair competition, unanimously modified, on the law, to grant the motion as to the unfair competition claim, grant the motion as to the breach of fiduciary duty claim insofar as it was based on Ustuntas's post-employment activity, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 4, 2022, which granted defendants' motion for summary judgment dismissing the claim for aiding and abetting breach of fiduciary duty, unanimously affirmed, without costs.
With regard to the breach of fiduciary duty claim, there are questions of fact as to whether a special employment relationship existed between plaintiff and defendant Hakan Ustuntas (see Stampone v Consolidated Edison, Inc., 100 AD3d 573 [1st Dept 2012]), sufficient to impute a fiduciary duty owed to plaintiff for actions taken during his employment (see e.g. Duane Jones Co. v Burke, 306 NY 172, 187-189 [1954]; CBS Corp. v Dumsday, 268 AD2d 350, 353 [1st Dept 2000]).
There are also questions of fact as to whether Ustuntas breached that duty by deleting emails from plaintiff's server after forwarding them to his personal address, even after being told not to do so (see Maritime Fish Prods. v World-Wide Fish Prods., 100 AD2d 81, 89 [1st Dept 1984], appeal dismissed 63 NY2d 675 [1984]). However, to the extent this cause of action is based on Ustuntas's post-employment contacting of plaintiff's customers and suppliers, it should have been dismissed (see Catalogue Serv. of Westchester v Wise, 63 AD2d 895, 895 [1st Dept 1978]). There is no evidence that Ustuntas solicited plaintiff's customers or suppliers on behalf of defendants Plasmar Plastik ve Kimya San. Tic. A.S. or Marchem International Trading LLP before he retired on March 31, 2008.
The court correctly dismissed plaintiff's claim that Plasmar and Marchem aided and abetted Ustuntas's breaches of fiduciary duty. The complaint fails to allege an essential element of the claim, namely, that Plasmar and Marchem had actual knowledge of Ustuntas's breach (see e.g. Kaufman v Cohen, 307 AD2d 113, 125 [1st Dept 2003]). Plaintiff contends that knowledge should be imputed to Plasmar and Marchem because Plasmar is Ustuntas's alter ego and Marchem is the alter ego of, among others, Ustuntas. However, the complaint contains no factual allegations to back up these conclusory legal assertions. Ustuntas's beneficial interest in these entities establishes, at most, their constructive knowledge of his breach of fiduciary duty[*2], which is insufficient to support an aiding and abetting claim (id. at 126).
Questions of fact exist as to whether plaintiff's alleged trade secrets were, in fact, secret, as the parties submitted sharply conflicting evidence on this issue (see Ashland Mgt. v Janien, 82 NY2d 395, 407 [1993]).
A claim for misappropriation of trade secrets is governed by a three-year statute of limitations (see CDx Labs., Inc. v Zila, Inc., 162 AD3d 970, 971 [2d Dept 2018]; Andrew Greenberg, Inc. v Svane, Inc., 36 AD3d 1094, 1098 [3d Dept 2007]). Similarly, the statute of limitations for misappropriation of confidential and proprietary business information is three years (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 141 [2009]). The claim accrues when the plaintiff first suffers damages (see id.).
Ustuntas solicited one of plaintiff's suppliers in December 2008 and plaintiff became aware of this on June 30, 2009 but did not sue until September 13, 2012. However, defendants did not establish that plaintiff suffered damages in December 2008 or June 2009. For example, there is no evidence that this particular supplier switched from plaintiff to Plasmar.
Questions of fact also exist as to whether defendants committed independent and distinct acts in 2010 — 2012 that constituted misappropriation of trade secrets and fell within the three-year limitations period, thereby tolling the statute of limitations pursuant to the continuous wrong doctrine (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]). Specifically, plaintiffs submitted purchase order summaries showing that in 2010 — 2012 plaintiff's former suppliers were using defendant as a distributor.
The unfair competition claim should have been dismissed as duplicative of the misappropriation of trade secrets claim (see Continental Indus. Group, Inc. v Altunkilic, 788 Fed Appx 37, 43 [2d Cir 2019]; see also Fada Intl. Corp. v Cheung, 57 AD3d 406 [1st Dept 2008], lv denied 12 NY3d 706 [2009]).
Further, the claim seeking a permanent injunction was properly dismissed. Even though defendants' opening brief before the motion court did not specifically mention a permanent injunction, it made a general argument about plaintiff's claims for equitable relief. There is no indication in the record that defendants will misappropriate plaintiff's trade secrets in the future (see Exchange Bakery & Rest. v Rifkin, 245 NY 260, 264 [1927] ["Equity is to be invoked only to give protection for the future"]). Plaintiff itself recognized that it cannot enjoin defendants in perpetuity. Indeed, it asked the court to enjoin defendants from contacting its customers and suppliers for at least five years. This action was commenced more than 10 years ago.
We agree with the motion court that the statute of limitations for plaintiff's breach of fiduciary duty claim is six years, albeit for a different reason. Since we are affirming the dismissal of plaintiff's request for a permanent injunction, plaintiff is primarily [*3]seeking damages, not equitable relief (see IDT Corp., 12 NY3d at 139). However, "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations" (id.; see also e.g. Cusimano v Schnurr, 137 AD3d 527, 529-530 [1st Dept 2016]). The complaint alleges that Ustuntas deceived plaintiff, pretended to be a loyal employee, and lied when he said he intended to retire for health reasons. The fraud allegations "are not merely incidental to the breach of fiduciary duty claims" (Cusimano, 137 AD3d at 530). If plaintiff had discovered earlier that Ustuntas was a disloyal employee, it would presumably have fired him, and he may not have had the opportunity to misappropriate plaintiff's alleged trade secrets.
In addition, even if the statute of limitations for plaintiff's fiduciary duty claim were three years, it accrued when plaintiff first suffered damages (see IDT Corp., 12 NY3d at 140). Although plaintiff will ultimately have to prove damages, defendants did not satisfy their burden of establishing that plaintiff first suffered damages more than three years before it commenced this action. Moreover, with respect to plaintiff's request for an accounting, the statute of limitations is tolled by the open repudiation doctrine (see e.g. Cusimano, 137 AD3d at 530), also known as "the fiduciary tolling rule" (Access Point Med., LLC v Mandell, 106 AD3d 40, 44 [1st Dept 2013]).
We agree that plaintiff failed to raise an issue of fact as to the claim for tortious interference with prospective economic advantage, and that the claim was properly dismissed. The court also properly dismissed the unjust enrichment claim (see e.g. Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790 [2012]).
Defendants' contention that they should have been awarded attorneys' fees and costs is unavailing. The prevailing party has not yet been determined and, even if defendants prevail, the "American rule" precludes them from recouping legal fees from plaintiff "except where authorized by statute, agreement or court rule" (Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 204 [1st Dept 2010] [internal quotation marks omitted], lv denied 17 NY3d 713 [2011]). Defendants point to no such authority to support their claim for attorneys' fees.
On a prior appeal (173 AD3d 419, 420 [1st Dept 2019]), we affirmed an award of attorneys' fees and costs to defendants. However, unlike the instant appeal, that appeal involved discovery sanctions.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022