Lazar v Mor (2023 NY Slip Op 00814)

Lazar v Mor

2023 NY Slip Op 00814

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 654538/19 Appeal No. 17318 Case No. 2022-00503 

[*1]Gabriel Lazar et al., Plaintiffs-Appellants,
v
Arik Mor, et al., Defendants-Respondents.

Kranjac Tripodi & Partners LLP, New York (Joseph Tripodi of counsel), for appellants.
Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered January 20, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the 18th through 23rd causes of action of the amended complaint pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
In this action commenced in August 2019, plaintiffs allege that in March 2017, they first noticed certain discrepancies in financial documents of the limited liability companies (LLCs) through which they had invested with defendants in real estate acquisitions in 2012. They then demanded to review documents, including the original closing documents, to reconstruct the accounting records of the LLCs. At that time, plaintiffs allege they had "serious concerns" regarding the sources of the capital contributions that defendants had purportedly made to the LLCs to purchase the properties, and demanded that defendants provide documentary evidence as to the source of their contributions. Plaintiffs eventually obtained the closing documents for the properties by issuing a subpoena to the law firm that had represented defendants in the transactions, and discovered that the properties were acquired for prices that were substantially lower than the amounts defendants had represented, resulting in their deposits being inflated as well. Plaintiffs then asserted fraud claims against defendants in their amended complaint.
This action was commenced more than six years after the alleged frauds in 2012. Accordingly, plaintiffs' fraud-based claims would be timely only if they were brought within two years of when plaintiffs discovered the fraud or could have discovered it with reasonable diligence (CPLR 213[8]). Plaintiffs had serious concerns by March 2017 regarding defendants' fraudulent conduct in connection with the purchase of the properties, including with respect to their capital contributions. Thus, they were on inquiry notice of defendants' alleged fraud and misrepresentations with respect to those transactions, including the purchase prices paid for the properties more than two years before they commenced the action (see Aozora Bank, Ltd. v Deutsche Bank Sec. Inc., 137 AD3d 685, 689 [1st Dept 2016]). Although plaintiffs allege that defendants refused to provide requested information and documents, the purchase price information was publicly available through an online search of the City of New York's Automated City Register Information System since the time of the real estate purchases (see Mizrahi v YMZ Realty LLC, 203 AD3d 515 [1st Dept 2022]). Thus, reasonable diligence would have revealed the actual purchase prices of the properties more than two years before this action was commenced.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023