Banks v New York City Tr. Auth. (2023 NY Slip Op 02450)

Banks v New York City Tr. Auth.

2023 NY Slip Op 02450

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Webber, J.P., Kern, Friedman, Mendez, Shulman, JJ. 

Index No. 156858/19 Appeal No. 222 Case No. 2022-02135 

[*1]Damon Banks, Plaintiff-Respondent,
v
New York City Transit Authority et al., Defendants, MTA Bus Company, Defendant-Appellant.

Armienti, Debellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for appellant.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York (Andrea V. Borden of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered January 11, 2022, which granted plaintiff's motion to compel the appearance of defendant MTA Bus Company (MTABC) and deemed the summons and verified complaint served on MTABC and directed it to serve an answer , and denied MTABC's cross-motion to dismiss the complaint as against it for lack of personal jurisdiction, unanimously reversed, on the law, without costs, plaintiff's motion denied, and MTABC's cross-motion granted. The Clerk is directed to enter judgment dismissing the complaint against MTABC.
Supreme Court should have denied plaintiff's motion and granted MTABC's cross-motion to dismiss for lack of personal jurisdiction because plaintiff failed to meet his burden of showing that MTABC was served in accordance with CPLR 311(a)(1) (see Commissiong v Mark Greenberg Real Estate Co. LLC, 203 AD3d 657, 658 [1st Dept 2022], lv dismissed 38 NY3d 1119 [2022]; Emaar Rak F.Z.E. v Rak Tourism Inv. F.Z.C., 177 AD3d 538, 539-540 [1st Dept 2019], lv denied 35 NY3d 905 [2020]; Bezoza v Bezoza, 83 AD3d 578, 579 [1st Dept 2011]). The affidavit of service states that on July 15, 2019, plaintiff's process server served the summons and verified complaint on MTABC at 130 Livingston Street in Brooklyn, not at its principal place of business at 2 Broadway in Manhattan. That service of process was effectuated on the MTA, who was previously a defendant in this action, at 2 Broadway on the same day that MTABC was purportedly served in Brooklyn is of no moment, because the process server did not aver, as required by CPLR 311(a)(1), that the individual he served was an authorized representative of MTABC. The affidavit of service states only that the server delivered a copy of the summons and complaint to the "recipient's actual place of business" and does not mention any individual. Further, plaintiff's counsel's affirmation in support of his motion merely avers in conclusory fashion that the individual was authorized to accept service on behalf of MTABC as well as the MTA at 2 Broadway.
In opposition to plaintiff's motion and in support of its cross-motion, MTABC submitted the affidavit of its associate staff analyst who explained that although MTABC is a subsidiary of the MTA, they are "distinct legal entities which must be sued and served separately," they "are not responsible for each other's torts," and they "maintain entirely separate offices and must be served at separate locations within 2 Broadway" because if "service of process is served on the MTA at 2 Broadway . . . it generally will not be received by [MTABC]." MTABC's affidavit is reinforced by the fact that the copy of the summons and complaint served at 2 Broadway was stamped "ACCEPTED FOR MTA ONLY."THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2023