Rabinowitz v Grosso (2023 NY Slip Op 02543)

Rabinowitz v Grosso

2023 NY Slip Op 02543

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-00785
 (Index No. 604949/20)

[*1]Jerome Rabinowitz, appellant,
v
Salvatore Grosso, et al., respondents.

Gordon Rees Scully Mansukhani, LLP, New York, NY (Joseph Salvo of counsel), for respondents.
Aaron M. Goldsmith, New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated December 9, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The Supreme Court properly granted the defendants' motion to dismiss the complaint on the ground it was barred by the statute of limitations (see CPLR 3211[a][5]). To the extent that the complaint purports to state a cause of action sounding in breach of contract, this action was commenced more than six years after the wrongdoing alleged in the complaint, and is therefore time-barred (see CPLR 213[2]). To the extent that the complaint purports to state a cause of action sounding in fraud, this action was commenced more than six years after the wrongdoing alleged in the complaint, and is therefore time-barred (see CPLR 213[8]). Even accepting the plaintiff's contention that he did not discover the purported fraud until several years after the wrongdoing alleged in the complaint, this action was commenced more than two years after that alleged discovery, and is therefore time-barred (see id.; Cusimano v Schnurr, 137 AD3d 527, 531).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court